## SUFFICIENT GROUNDS FOR DIVORCE AGAINST AN INSANE DEFENDANT.

### Circuit Court of Lucas County.

### ELIZABETH WOLCOTT v. ROBERT E. WOLCOTT.

#### Decided, June 12, 1911.

*Divorce—Habitual Drunkenness and Extreme Cruelty Sufficient Grounds for Divorce Against an Insane Defendant—Where the Cause of Action Accrued Before Insanity Intervened—Appeal from Dismissal of Divorce Petition—Section 12002.*

1. A petition for divorce states sufficient grounds for a decree against an insane defendant, where habitual drunkenness and extreme cruelty are charged as continuing for more than three years prior to the adjudication of the defendant as insane and his commitment to an asylum for the insane.

2. Appeal, but not error, lies to an order vacating the appointment of a trustee for an insane defendant in a divorce proceeding and dismissing, without hearing on the merits, a petition which charges statutory grounds for divorce which accrued prior to the adjudging of the defendant as insane.

*Earl L. Peters*, for plaintiff in error.

KINKADE, J.; WILDMAN, J., and RICHARDS, J., concur.

Error from common pleas.

This was an action for a divorce in the court of common pleas. The petition set forth as grounds for the divorce, extreme cruelty and also habitual drunkenness on the part of the defendant for more than three years prior to March 9, 1901, and stated that these grounds arose while the defendant was sane. The petition further stated that the defendant was, on March 9, 1901, duly and legally committed to the Toledo State Hospital for the Insane at Toledo, Ohio, by the probate court of Wood county, Ohio, as an insane person and that he has ever since been insane, and since 1901 has been continuously confined in said asylum, and that at the time of the filing of the petition the defendant was incurably insane.

On motion of the plaintiff a trustee was duly appointed by the court of the common pleas to represent the defendant in the action, and the trustee filed an answer.

When the case was called for hearing in the court of common pleas the trial judge was in doubt (so we are informed by counsel for plaintiff) as to the right of the plaintiff to maintain an action for divorce against one then insane, and yet the court was not disposed to enter judgment against the plaintiff in such form as to deny plaintiff the right to review, on appeal, that question in this court. The common pleas court vacated its order appointing the trustee, as having been made without authority of law, and then dismissed the petition, stating in the entry that such dismissal was without any hearing on the merits and was based solely on the statement in the petition that the defendant was an insane person. The plaintiff appealed the case to this court and also filed a petition in error here.

The statutes of Ohio never contained any provision authorizing proceedings in error to review a decision of the court of common pleas entered in a divorce case. The courts have uniformly held that no such right of review on error exists in Oho.

I read from the case of *Parish* v. *Parish*, 9 Ohio St., 534, the paragraph of the opinion of the court found on page 538:

"The statute of March 14, 1843, conferring jurisdiction in divorce cases upon the courts of common pleas, which was in

force when these proceedings were had, provides that 'no appeal shall be obtained from the decree, but the same shall be final and conclusive' (Curwen, 991). This statutory provision is nothing more than a legislative recognition of the principle of public policy, which had been repeatedly affirmed by the courts, that a judgment or decree which affects directly the status of married persons by sundering the matrimonial tie, and thereby enabling them to contract new matrimonial relations with other and innocent persons, should never be reopened. Such a course would endanger the peace and good order of society, and the happiness and well being of those who innocently relying upon the stability of a decree of a court of competent jurisdiction, have formed a connection with the person who, wrongfully perhaps, procured its promulgation.''

This case was followed by the Supreme Court in the case of *Mulligan* v. *Mulligan*, 82 Ohio St., 426.

This court passed upon this question in the case of *Clowry* v. *Clowry*, 16 C. C., 302. The opinion is by Judge Scribner, and upon a full examination of all the cases in Ohio the right to prosecute error in divorce cases is denied. We find some statements in the opinion concerning the right of appeal which were unnecessary in deciding the error case then before the court (there being no question as to the right of appeal then before the court), in which we do not concur.

The court of common pleas was given jurisdiction in matters of divorce and alimony, concurrent with the Supreme Court, by the act of March 13, 1843, and by Section 3 of that act all right of appeal was denied and the decree was declared final and conclusive. 2 Curwen's Statutes, Chap. 466.

March 11, 1853, the law of divorce and alimony was again amended, and while Section 16 of that act denied all right of appeal, Section 17 provided for an appeal under certain conditions named in 3 Curwen's Statutes, Chapter 1252, Section 11.

The law was again amended April 15, 1857 (54 O. L., 131). This act gave the right of appeal under certain conditions, one being where a petition is dismissed without a hearing on the merits, and also provided for an appeal in any case from that part of the decree relating to alimony only.

These two provisions for appeal, when a petition is dismissed without a hearing on the merits, and from that part of the de-

cree pertaining to alimony alone, have been in the statutes ever since 1857, the different acts being but slightly different in form.

The provisions of the present General Code on this subject will be found in Section 12002, which reads as follows:

"No appeal shall be allowed from a judgment or order of the common pleas court under this chapter, except from an order dismissing the petition without final hearing, or from a final order or judgment granting or refusing alimony, or in cases under the next preceding section. When judgment is rendered for both divorce and alimony, the appeal will lie only to so much of the judgment as relates to the alimony. When an appeal is taken by the wife, she shall not be required to give bond."

Plaintiff's petition having been dismissed without a hearing on the merits, he is properly here on appeal, presenting for our determination the question whether his petition should have been so dismissed.

We are of the opinion that the petition states grounds sufficient for the granting of the divorce, it being stated in the petition that the statutory grounds therein set forth arose prior to the insanity of the defendant. It is not claimed that the insanity itself is a ground for the divorce.

The order of the court of common pleas appointing a trustee to represent the defendant was properly made, and should not have been vacated.

The appeal case will be remanded to the court of common pleas for further proceedings according to law.

The petition in error will be dismissed for want of jurisdiction.